IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BIG BLUE CAPITAL a/b/n                Case No. 3:12-cv-00448-AA
BIG BLUE CAPITAL PARTNERS,                       O R D E R

      Plaintiff,

   v.

RECONTRUST COMPANY, N.A.;
JPMORGAN CHASE BANK, as
trustee for GS MORTGAGE
SECURITIES CORP GSR MORTGAGE
LOAN TRUST 2004-7; and BANK
AMERICA as successor by
merger to BAC HOME LOAN
SERVICING LP FKA COUNTRYWIDE
HOME LOAN SERVICING;

      Defendants.
_____

AIKEN, Chief Judge:

    Defendants ReconTrust Company, N.A., JPMorgan Chase Bank, and

Bank of America move to dismiss plaintiff Big Blue Capital

Partners' claims pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R.

Page 1 - ORDER

Civ. P. 12(b)(6). For the reasons set forth below, defendants'
motion is granted and this case is dismissed.

In April 2004, Michael and Raquel Rich[1] took out a loan from
Countrywide Home Loans, Inc. ("Countrywide"), in the amount of
\$432,000, to purchase a residential property (the "Property").
Pursuant to this transaction, the Riches executed a promissory note
(the "Note") in favor of Countrywide. The Note was secured by a
trust deed (the "Deed of Trust"), which lists Countrywide as the
lender, Mortgage Electronic Registration Systems, Inc. ("MERS") as
the beneficiary, and CTC Real Estate Services as the trustee. The
Deed of Trust was duly recorded in Clackamas County, Oregon.

Pursuant to the Deed of Trust, the Riches agreed to make
monthly mortgage payments as required under the Note; the Riches
also agreed that they would be in default, and subject to
foreclosure, if they failed to make such payments. In addition,
the Deed of Trust required the Riches to obtain approval, in
writing, before selling or transferring their interest in the
Property.

In 2008, the Riches stopped making the requisite loan
repayments, thereby materially defaulting. In March 2009, MERS
appointed ReconTrust Company, N.A. ("ReconTrust") to serve as
successor trustee for the Deed of Trust. Thereafter, ReconTrust
executed a Notice of Default and Election to Sell the Property.
The Appointment of Successor Trustee and Notice of Default and

---

[1] The Riches are not a party to this litigation.

Election to Sell were documented in the official records of Clackamas County. In January 2010, ReconTrust formally rescinded the Notice of Default and Election to Sell.

In June 2010, MERS assigned the Deed of Trust to Deutsche Bank. Deutsche Bank again appointed ReconTrust to serve as successor trustee; ReconTrust then issued a second Notice of Default and Election to Sell the Property. The Assignment of the Deed of Trust, Appointment of Successor Trustee, and Notice of Default and Election to Sell were recorded in Clackamas County. In March 2011, ReconTrust formally rescinded the second Notice of Default and Election to Sell.

In April 2011, Deutsche Bank assigned the Deed of Trust to BAC Home Loan Servicing, LP and ReconTrust issued a third Notice of Default and Election to Sell the Property. These documents were duly recorded in the official records of Clackamas County.

In November 2011, the Riches filed a petition for relief under Chapter 13 of the Bankruptcy Code. The petition identified the value of their interest in the Property as $450,000, subject to two secured claims by "Bank of America."[2] The Riches, however, did not list any purported claims against defendants as assets.

In January 2012, the bankruptcy court confirmed the Riches' Chapter 13 plan and lifted the automatic stay, which precluded the pending non-judicial foreclosure of the Property. Accordingly, ReconTrust reinstituted foreclosure proceedings by issuing an

---

[2] In addition to their initial mortgage, the Riches executed a second lien against the Property in the amount of $82,278, which is not at issue in this case.

Page 3 - ORDER

Amended Notice of Sale. The Amended Notice scheduled the sale of the Property for March 15, 2012. A foreclosure sale has not yet occurred.

On March 7, 2012, the Riches executed a bargain and sale deed, conveying their interest in the Property to plaintiff, a limited liability company created under the laws of Ohio. Pursuant to that contract, plaintiff agreed to pay the Riches $3,000 in exchange for the Property. Plaintiff, however, did not assume any obligation to repay the Note pursuant this transaction. Further, the Riches did not obtain written consent from their lender prior to transferring their interest in the Property, as required by the Deed of Trust.

On March 13, 2012, plaintiff filed a complaint in this Court; plaintiff asserts two claims against defendants, both arising out of defendants' alleged failure to comply with the non-judicial foreclosure procedures outlined in the Oregon Trust Deed Act ("OTDA"). Subsequently, defendants moved to dismiss this case, asserting, in part, that plaintiff does not have standing.

Where the court lacks subject-matter jurisdiction, the action must be dismissed. Fed. R. Civ. P. 12(b)(1). A challenge to standing is appropriately raised pursuant to Fed. R. Civ. P. 12(b)(1). Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1122 (9th Cir. 2010). The party who seeks to invoke the subject-matter jurisdiction of the court has the burden of establishing that such jurisdiction exists. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). In such instances, the court

may hear evidence regarding subject-matter jurisdiction and resolve factual disputes where necessary; however, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the [court] from evaluating for itself the merits of jurisdictional claims." Kingman Reef Atoll Invs., LLC v. United States, 541 F.3d 1189, 1195 (9th Cir. 2008).

Plaintiff has filed a number of actions in this District that arise out of virtually identical facts and involve essentially the same parties and attorneys; in each instance, the case was dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because plaintiff did not have standing. See Big Blue Capital Partners, LLC v. ReconTrust Co., N.A. ("Big Blue I"), 2012 WL 1605784, *4-7 (D.Or. May 4, 2012); Big Blue Capital Partners, LLC v. Recontrust Co., N.A. ("Big Blue II"), 2012 WL 1870752, *2-5 (D.Or. May 21, 2012).[3]

Specifically, as this Court recently explained, plaintiff lacked standing under Article III of the Consitution because it "knowingly purchased the Property after the [borrower] materially defaulted on the Note and defendants initiated non-judicial foreclosure proceedings." See Big Blue I, 2012 WL 1605784 at *5. As such, plaintiff did not suffer an injury that was fairly traceable to defendants' challenged actions. Id.

Moreover, prudential standing was absent because plaintiff's claims were premised on a third-party's rights; namely, plaintiff's

---

[3] Plaintiff also has a case pending before Judge Mosman. See Big Blue Capital Partners, LLC v. Recontrust Co., N.A., Case No. 3:12-cv-00292-MO.

claims arose out of harm suffered by the non-party borrowers as a result of defendants' alleged failure to follow the non-judicial foreclosure procedures articulated in the OTDA.   Id. at *7. Plaintiff also did not have prudential standing because the OTDA "was [not] intended to protect corporate entities [that] purchase properties already in default and seek to profit by extracting a settlement from the lender."  Id.  Therefore, for the reasons set forth in Big Blue I and Big Blue II, this Court lacks subject-matter jurisdiction.

### CONCLUSION

Defendants' Motion to Dismiss (doc. 13) is GRANTED.  The parties' requests for oral argument are DENIED as unnecessary. Finally, this case is DISMISSED and all pending motions are DENIED as moot.

IT IS SO ORDERED.
Dated this __ day of June 2012.


Ann Aiken
United States District Judge

Page 6 - ORDER